## HOGAN v
## FOREST CITY PUBLISHING CO
and 2 others (3 cases)

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 13915, 13927 & 13982.

Decided Oct 22, 1934

F. I. Hogan for plaintiff in error.

Baker, Hostetler, Sidlo & Patterson, Cleveland, for defendant in error The Forest City Publishing Company.

Boyd, Brooks & Wickham, Cleveland, for Edward Bushnell.

128

Mooney, Hahn, Loeser, Keough & Beam, Cleveland, for Herman L. Vail.

RICHARDS, J, (6th Dist) LEMERT and MONTGOMERY, JJ, (5th Dist) sitting.

## OPINION

By MONTGOMERY, J.

The plaintiff in error filed his three separate actions in the Court of Common Pleas of Cuyahoga County, said actions being directed severally against each' of the defendants in error. A demurrer having been sustained in two of the cases to the original petition and in the other case to the amended petition, final judgment was rendered against the plaintiff below. In each instance error is prosecuted to this court to reverse the judgment of the Court of Common Pleas. In each case a bill of exceptions is interposed but such bill of exceptions is altogether unnecessary, since the questions raised appear upon the transcript and the pleadings. In each instance a petition in error was filed in this court before the rendition of a final judgment in the Court of Common Pleas.

These several error proceedings were brought prematurely and are, therefore, not properly in this court. However, no motion is filed in either of the cases seeking a dismissal and all counsel seem to be agreed that the cases should be disposed of upon their merits and this we are proceeding to do.

The several actions were for damages alleged to have been sustained by alleged libels. As against Bushnell and others as members of the Cleveland Bar Association, it is averred that they caused to be published of and about Hogan the following language: "He does not possess the essential qualifications to serve in the office which he seeks."

As against Vail et, it is alleged that they caused to be published in a pamphlet known as Greater Cleveland, the following statement with reference to ·Hogan, to-wit: "In our opinion he is not qualified for the Bench and should not be elected. Not qualified."

As against The Forest City Publishing Company it is alleged that it caused to be re-published in The Cleveland Press, The Cleveland Plain Dealer and The Cleveland News, the statement alleged to have been made by Vail and others and hereinbefore copied.

In none of the petitions filed in the lower court was there any claim made for special damages. It is apparent that the plaintiff relies upon the proposition that the words used are libelous per se. It is to be observed that neither of these statements contained any charge of moral turpitude or any statement of facts affecting the character of Hogan. They are mere expressions of opinion as to his qualifications for the particular office which he sought at the time the words were published.

Attention is directed to the case of Shallenberger v The Scripps Publishing Company, 17 Circuit Court Reports, N.S. 546, the syllabus of which is as follows:

"If one is of the opinion that a candidate for the office of judge of the Common Pleas Court is unfit to be a judge, he has the right to say so, and it is a matter of indifference whether, in giving expression to such opinion, he was influenced by malice or not."

This judgment affirmed the judgment of the Court of Common Pleas of Cuyahoga County reported in 8 Ohio Nisi Prius, New Series, page 633, and in the opinion rendered by that Court of Common Pleas the statement is made: "To say of any man who is a candidate for judge that he is unfit to be a judge, is not defamatory." This seems to us to be a correct statement of the law.

The decision of the Court of Appeals in the Shallenberger case was afterwards affirmed by the Supreme ˙ Court of Ohio in 85 Oh St 492, without opinion.

To the same effect is the case of Foster v Fesler et, also from Cuyahoga County, reported in 25 O.C.C. N.S. page 449.

These decisions seem to us clearly to state the law as it is in Ohio governing such utterances.

We are not expressing either approval or disapproval of the system pursued by the several organizations challenged by this litigation. We are simply saying that these organizations in making the publications charged to them were acting within their legal rights and that no error arises from the sustaining of the demurrers to the several petitions.

The judgment of the Court of Common Pleas in each instance is affirmed. Exceptions may be noted.

RICHARDS and LEMERT, JJ, concur.